UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDITH SUNDBY and
DALE SUNDBY,

    Plaintiffs,

v.                                                       Case No. 8:24-cv-2275-TPB-CPT

BEKINS A-1 MOVERS, INC., et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO REMAND; AND**
**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

This matter is before the Court *sua sponte*. On September 27, 2024, Plaintiffs Edith and Dale Sundby filed the instant lawsuit in federal court. (Doc. 1). On October 24, 2024, Defendants filed a motion to remand. (Doc. 10). On October 26, 2024, Plaintiffs filed a response in opposition. (Doc. 14). Upon review of the complaint, motion, response, court file, and record, the Court finds as follows:

**Background**[1]

On September 30, 2022, Plaintiffs entered into a contract with Defendant Bekins A-1 Movers related to storage services. The price for services was set at $1,350 each month. It appears that in August 2023, Bekins autodrafted $1,800 from Plaintiffs' account. Plaintiffs sent an email contesting the increased fee, citing to a

---

[1] The Court accepts as true the facts alleged in Plaintiffs' complaint for purposes of ruling on the pending motion to remand. The Court is not required to accept as true any legal conclusions couched as factual allegations.

contractual provision that did not permit amendments or modifications without the consent of both parties.  A Bekins storage administrator responded, noting that although the storage contract did not make a provision for price increases, it was Bekins's position that the contract did not prevent price increases.  The administrator further noted that an increase letter was both mailed and emailed to Plaintiffs, as a 30-day legal notification, on June 28, 2023.  Later, in response to another email from Plaintiffs, Defendant Scott Harvey – Bekins's president and chief operating officer – sent a response indicating that because Bekins's warehouse rent had recently doubled, they decided to increase their storage rates rather than close the facility.  Harvey further indicated that if the increased rates did not work for Plaintiffs, they were free to remove their items provided their account was paid in full.  Plaintiffs did not remove their items right away.  Rather, they paid the extra $450 each month for twelve months before moving their goods in July 2024.

On September 27, 2024, Plaintiffs filed the instant lawsuit in federal court against Defendants Bekins A-1 Movers, Inc., Scott Harvey, and Does 1-10, asserting claims for breach of contract (Count One), breach of implied covenant of good faith and fair dealing (Count Two), and fraud (Count Three).[2]  Defendants filed a motion to remand, arguing that Plaintiffs have failed to satisfy the amount in controversy required to establish diversity jurisdiction.

---

[2] "[F]ictitious-party pleading is generally not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).  Plaintiffs have failed to provide any detail whatsoever about the identity of the Does, their relationship to Bekins, or their specific involvement in this case, including any alleged wrongful acts committed.

## Analysis

In their complaint, Plaintiffs premise federal jurisdiction based on diversity of citizenship. Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over all civil actions where the (1) parties are completely diverse and (2) the amount in controversy exceeds $75,000.00.

At the outset, the Court notes that the motion for remand is due to be denied because the instant lawsuit was initially filed in federal court and not state court – there is nowhere to remand the case to. However, this determination does not necessarily end the Court's analysis. A federal court has a duty to examine, even *sua sponte*, its own jurisdiction over a case, notwithstanding the contentions of the parties. *See Plains Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 324 (2008); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). The Court therefore turns to whether Plaintiffs have established subject matter jurisdiction.[3]

First, Plaintiffs have failed to adequately allege the citizenships of the parties. Specifically, Plaintiffs do not adequately plead the citizenship of Bekins by failing to identify its state of incorporation.

The bigger issue for Plaintiffs, however, is the amount in controversy. Generally, for the purpose of federal diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff

---

[3] Although the Court is technically addressing these issues *sua sponte*, the issues have been thoroughly briefed by the parties through the motion to remand and response in opposition.

satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."). However, dismissal for lack of jurisdiction is warranted where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Red Cab Co.*, 303 U.S. at 289.

Plaintiffs include boilerplate language that the amount in controversy exceeds $75,000. However, the specific amounts claimed by Plaintiffs – $5,400 in increased monthly storage fees based on the unilateral increase, plus a "detailed estimate" of $6,951 for a local move – do not come close to meeting the jurisdictional threshold. At best, Plaintiffs have pled $12,351 in compensatory damages.[4]

Instead, in their response in opposition, Plaintiffs indicate that to satisfy the amount in controversy, they rely on their general prayer for unspecified punitive damages associated with their fraud claim. The Eleventh Circuit has held that punitive damages must generally be considered when determining the amount in controversy. *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). However, courts have widely held that even if a statute provides for a maximum of $500,000 in punitive damages, the mere fact that a plaintiff has requested punitive damages does not establish that $500,000 in punitive damages should be added to the amount in controversy calculation. *See Leise v. Walmart Inc.*, No. 8:23-cv-2281-VMC-AEP, 2023 WL 6890725, at *1 (M.D. Fla. Oct. 19, 2023) (remanding case after concluding that demand for punitive damages did not satisfy amount in controversy); *Kruse v. Sam's West, Inc.*, No. 8:20-cv-2305-CEH-JSS, 2021

---

[4] The Court notes that in their motion for clerk's default, Plaintiffs seek only $5,846.30, consisting of $5,400 for the monthly overcharges, the $405 filing fee, and $41.30 for service of process. *See* (Doc. 15).

WL 2632436, at *6 (M.D. Fla. June 25, 2021) (concluding that request for punitive damages with statutory cap of $100,000 did not merit finding that amount in controversy was satisfied); *Vanterpool v. Amazon.com.Dedc, LLC*, No. 8:17-cv-1347-T-33MAP, 2017 WL 2609551, at *3 (M.D. Fla. June 16, 2017) ("A mere request for punitive damages, which may reach a statutory maximum of $100,000, does not merit a finding that the amount in controversy has been met.").[5] If Plaintiffs' argument were correct, any case asserting a generalized claim for punitive damages would automatically qualify for federal jurisdiction – an untenable result. Thus, Plaintiffs' general prayer for punitive damages is insufficient to establish that the amount in controversy exceeds $75,000.

Moreover, Plaintiffs have not provided *any* information as to the amount of punitive damages in this case or information on the punitive damages typically available in fraud cases based on breaches of contract. *See Eze v. American Equip. Leasing, LLC*, No. 6:11-cv-1213-Orl-22DAB, 2011 WL 4481436, at *4 (M.D. Fla. Sept. 27, 2011) (finding that amount in controversy was not satisfied in part because the plaintiff failed to provide "even a figure from which to determine whether punitive damages would exceed a single figure multiplier of compensatory damages").

---

[5] § 768.73, *F.S.* provides that an award of punitive damages may not exceed the greater of: (1) three times the amount of compensatory damages awarded to each claimant, or (2) the sum of $500,000. Furthermore, it is unclear whether punitive damages would be available here because Plaintiffs' fraud claim is based on a breach of contract, and punitive damages are not available for breach of contract. *See Griffith v. Shamrock Vill.*, Inc., 94 So. 2d 854, 858 (Fla. 1957) ("The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant."); *Allapattah Servs., Inc. v. Exxon Corp.*, 61 F. Supp. 2d 1326, 1334 (S.D. Fla. 1999) ("In the typical contract case, such as the one before the Court, punitive damages are inappropriate and counter-productive in light of contract law favoring the reliance on promises freely negotiated.").

Consequently, "it would be rank speculation for the Court to add an amount of punitive damages to the amount in controversy calculation as no evidence of the actual punitive damages at issue in this case has been provided." *See Leise*, 2023 WL 6890725, at *1.

Based on the factual allegations of the complaint, Plaintiffs have shown that the amount in controversy in this case is, at best, approximately $12,351. Plaintiffs have therefore failed to establish federal diversity jurisdiction, and this case must be dismissed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Remand Case" (Doc. 10) is **DENIED**.
2. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. This Order does not prevent Plaintiffs from refiling their claims in an appropriate court with jurisdiction.
3. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of October, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE